UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-Civ-14198-CANNON/MCCABE

ROBERT K. MIZELL,

    Plaintiff,

v.

THE CITY OF PORT SAINT
LUCIE, FLORIDA,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law ("Motion") (DE 35), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 37). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **GRANTED IN PART AND DENIED IN PART**.

**I.   BACKGROUND**

On May 12, 2022, Plaintiff filed a pro se Complaint in state court, which was thereafter removed to this Court, alleging that the City of Port Saint Lucie ("City") discriminated against him on the basis of his disability. Specifically, the Complaint alleges that Plaintiff is a handicapped person who uses a wheelchair (DE 4-2 ¶ 3). The Complaint further alleges that, in 2019, the City made certain changes to a City-owned park that included blocking vehicular access to a river bank (DE 4-2 ¶ 3). These changes made it impossible for Plaintiff to go fishing at the park since he cannot carry all of his fishing equipment, by wheelchair, over the 100 yards now necessary to

access the river (DE 4-2 ¶ 3). By making these changes, Plaintiff alleges the City discriminated against him and other disabled persons (DE 4-2 ¶¶ 1, 3).

Plaintiff met in-person with City officials in June 2021 to discuss the park (DE 4-2 ¶ 4). He requested the City to make accommodations for him, including allowing him to access the river bank with his vehicle (DE 4-2 ¶ 4). The City refused this or any other accommodation (DE 4-2 ¶ 4). In doing so, Plaintiff alleges the City violated the Americans with Disability Act ("ADA"), 42 U.S.C. § 12131, et seq., as well as unspecified provisions of Florida law (DE 4-2 ¶ 5). He requests the Court to order the City to make the park accessible to him, to impose fines on the City, and to award his costs and legal fees for bringing this suit (DE 4-2 ¶¶ 5-7).

This Motion followed.

## II. DISCUSSION

Defendant seeks dismissal for lack of standing and for failure to state a claim. The Court will address these arguments in reverse order.

### A. Failure to State a Claim

Defendant seeks dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In evaluating a Rule 12(b)(6) motion, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Additionally, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Complaint here alleges claims under the ADA and state law. The Court addresses each below.

> 1. **ADA Claim**

Congress enacted the ADA as a comprehensive set of legislation to address discrimination against disabled persons. *See Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006) (giving an overview of the ADA). The ADA has three sections: Title I regulates discrimination in the workplace; Title II prohibits discrimination by public entities; and Title III prohibits discrimination by private entities in places of public accommodation. *Id.* Title II applies to the present case and provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. The City qualifies as a "public entity" under Title II. *See* 42 U.S.C. § 12131(1) ("The term 'public entity' means … any State or local government").

To state a claim under Title II, a plaintiff must allege: (1) that he is a "qualified individual with a disability"; (2) that he was "excluded from participation in or ... denied the benefits of the services, programs, or activities of a public entity" or otherwise "discriminated [against] by such entity"; (3) "by reason of such disability." *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001) (quoting 42 U.S.C. § 12132). "A plaintiff can proceed on theories of intentional discrimination, disparate treatment, *or failure to make reasonable accommodations*." *Rylee v. Chapman*, 316 F.

App'x 901, 906 (11th Cir. 2009) (emphasis added). "In cases alleging a failure to make reasonable accommodations, the defendant's duty to provide a reasonable accommodation is not triggered until the plaintiff makes a 'specific demand' for an accommodation." *Id.* (citing *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999)).

The duty to make reasonable accommodations arises from Title II's definition of "qualified individual with a disability," which means "an individual with a disability who, with or *without reasonable modifications* to rules, policies, or practices ... meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2) (emphasis added). Thus, a plaintiff can prove a violation of Title II by demonstrating that a public entity failed, upon request, to make "reasonable modifications" that would allow a disabled person to partake in services, programs, or activities offered by the public entity. *See Rylee*, 316 F. App'x at 906; *Alboniga v. Sch. Bd. of Broward Cnty.*, 87 F. Supp. 3d 1319, 1337 (S.D. Fla. 2015) (noting that failure to accommodate is an "independent basis" for liability under Title II of the ADA).

The Court finds the Complaint makes sufficient allegations to state a viable Title II ADA claim under the "reasonable accommodation/modification"[1] theory. Specifically, Plaintiff alleges he met with City officials in June 2021 and requested an accommodation to make the park accessible to him, but the City refused (DE 4-2 ¶ 3). Without this accommodation, Plaintiff alleges it is impossible for him to go fishing at the park (DE 4-2 ¶ 3). The Court finds these allegations sufficient. *See Nadler v. Harvey*, No. 06-12692, 2007 WL 2404705, at *5 (11th Cir. Aug. 24,

---

[1] Title I of the ADA uses the term "reasonable accommodation," while Title II uses the term "reasonable modification." *Compare* 42 U.S.C. § 12112(5)(A) *with* 42 U.S.C. § 12131(2). Courts use the two terms interchangeably. *See McElwee v. County of Orange*, 700 F.3d 635, 640 n.2 (2d Cir. 2012) (noting that "courts use the terms 'reasonable modifications' in Title II and 'reasonable accommodations' in Title I interchangeably") (collecting cases).

2007) ("If establishing discrimination by failure to make reasonable accommodation [under the Rehabilitation Act][2], a plaintiff must merely show that (1) he was disabled, (2) he was otherwise qualified, and (3) a reasonable accommodation was not provided.").

Defendant makes several arguments in support of dismissal which the Court finds unpersuasive. First, Defendant argues the Complaint should be dismissed because Plaintiff failed to identify any specific ADA regulation that the City violated, such as regulations governing the size and shape of sidewalks in the park (DE 35 at 7). The Court disagrees, as this case involves failure to accommodate, not failure to abide by ADA design regulations. Moreover, although Plaintiff did not cite them in his Complaint, the Department of Justice has promulgated regulations to cover the obligations Plaintiff seeks to enforce. *See* 28 C.F.R. § 35.130(b)(7) (requiring public entities to make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity).

Next, Defendant argues the Complaint should be dismissed because Plaintiff has not been denied "full" or "complete" access to the park and because he complains merely of the inconvenience of having to traverse a long parking lot in his wheelchair (DE 35 at 7-8). The Court find these arguments unpersuasive because they go to the "reasonableness" of Plaintiff's requested accommodation/modification. As embodied in 28 C.F.R. § 35.130(b)(7), "[t]he ADA's 'reasonable modification' principle ... does not require a public entity to employ any and all means to" accommodate an individual with disability, "but only to make 'reasonable modifications' that would not fundamentally alter the nature of the service or activity of the public entity." *Bircoll v. Miami–Dade Cnty.*, 480 F.3d 1072, 1082 (11th Cir. 2007). Defendant may well prevail on this

---

[2] "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases." *Cash v. Smith*, 231 F.3d 1301, 1305 (11th Cir. 2000).

"reasonableness" issue at later stage of the case, but the Court cannot decide this issue at the motion-to-dismiss stage.

Finally, Defendant argues the Complaint should be dismissed because it fails to articulate specific facts to support the allegation that the City acted with "deliberate intent" to discriminate (DE 35 at 8). The Court disagrees and finds the Complaint, when read liberally and taken as a whole, makes sufficient allegations of discriminatory intent. Moreover, Title II requires a showing of "discriminatory intent" only when a plaintiff seeks compensatory damages. *See Merker v. Miami-Dade Cnty. Fla.*, 485 F. Supp. 2d 1349, 1356 (S.D. Fla. 2007) ("Claims for compensatory damages under Title II of the ADA … require a showing that the defendant intentionally discriminated or acted with bad faith.") (citing *Wood v. President & Trs. of Spring Hill Coll.*, 978 F.2d 1214, 1219 (11th Cir.1992)). The Complaint here does not seek compensatory damages, but instead seeks only injunctive relief, fines, and reimbursement of legal fees and costs (DE 4-2 ¶¶ 5-7). For all these reasons, the Motion should be denied as to Plaintiff's ADA claim.

### 2. State Law Claims

The Complaint also alleges the City violated unspecified provisions of Florida state law (DE 4-2 ¶ 5). Even when construing the Complaint liberally, the Court finds no cognizable state law claim. The Complaint alleges that Plaintiff holds a Florida "A.M.P." permit (DE 4-2 ¶ 4). This may refer to the "alternative mobility permits" issued by the Florida Fish and Wildlife Conservation Commission ("F.W.C.") pursuant to Florida Administrative Code Rule 68A-9.008(3). These permits allow special vehicular access for disabled person to certain lands managed by F.W.C. On its face, however, Rule 68A-9.008(3) does not apply to city parks, nor does it give rise to a private cause of action for enforcement.

The Complaint also refers to the "Florida … A.D.A" (DE 4-2 Caption).  This may refer to the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, et seq.  As a prerequisite to bringing a claim under the FCRA, however, a plaintiff must timely "exhaust his administrative remedies, as set forth in Fla. Stat. § 760.11." *McCullough v. Nesco Res. LLC*, 760 F. App'x 642, 646 (11th Cir. 2019).  This means a plaintiff must file "formal charges with the EEOC or a state commission within 365 days of the alleged FCRA violation." *Wen Liu v. Univ. of Miami Sch. of Med.*, 693 F. App'x 793, 796 (11th Cir. 2017) (citing § 760.11(1), Fla. Stat.).  A plaintiff can seek redress in court, "only after the [Florida Commission on Human Relations ("FCHR") or EEOC] determines there is reasonable cause to believe that unlawful discrimination occurred, or the charge remains unresolved for 180 days...." *Sheridan v. State of Fla., Dep't of Health*, 182 So. 3d 787, 792 (Fla. 1st DCA 2016).

Here, the Complaint contains no allegations that Plaintiff ever filed a case with the EEOC or the FCHR or otherwise exhausted his administrative remedies.  For this reason as well, the Court finds no cognizable state law claim.  As such, the Motion should be granted as to all state law claims.  Recognizing Plaintiff's pro se status, the Court recommends dismissal without prejudice to allow Plaintiff another opportunity to plead claims under state law, if possible.

**B.     Standing**

Defendant also attacks Article III standing pursuant to Federal Rule of Civil Procedure 12(b)(1).  A defendant can attack standing in two ways:  facially or factually.  *See McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999).  Defendant makes a facial attack here.  As such, the Court must confine its analysis to the four corners of the Complaint and consider all allegations to be true.  *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  The Court must determine whether the Complaint alleges sufficient facts to show a basis

for standing. *See id.* This inquiry is different, and distinct from, whether Plaintiff has a valid underlying ADA claim. *See Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019) ("Whether a plaintiff has Article III standing is a question distinct from whether she has a statutory cause of action.").

In order to satisfy Article III requirements of standing, a plaintiff must show that: (1) he or she has suffered an injury in fact which is concrete and particularized as well as actual or imminent; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by a favorable ruling. *See Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994). When a plaintiff sues for injunctive relief, as is the case here, he or she must also allege "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of *future* injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2010) (emphasis in original).

Defendant argues the Complaint should be dismissed because it fails to allege a current injury-in fact or a threat of future discrimination (DE 35 at 5-6). The Court disagrees. "Generally, when an ADA plaintiff lacks standing, it is because that plaintiff either has not encountered the alleged ADA violations by visiting the location or was unlikely to return to the location where the alleged violations occurred." *Minnix v. Land O'Sun Mgmt. Corp.*, No. 3:14-cv-598-J-34PDB, 2014 WL 6909434, at *4 (M.D. Fla. Dec. 9, 2014). In *Shotz* for example, the Eleventh Circuit cited the example of a plaintiff who complained of ADA violations at a hospital after suffering injuries, yet admitted it was "purely speculative" whether he would have occasion to visit the same hospital in the future. 256 F.3d at 1081 (citing *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 830 (D. Md. 1998)).

Likewise, the plaintiffs in *Shotz* complained of ADA violations they encountered at a state courthouse while attending legal proceedings. *Id.* at 1082. The Complaint contained no allegations, however, that the plaintiffs ever attempted to return to the same state courthouse, or anticipated becoming involved in further legal proceedings in the future that would require them to do so. *Id.* As such the Court found the likelihood of any future discrimination to be "conjectural, hypothetical, or contingent" rather than "real and immediate." *Id.* (citing *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir.1985)).

The allegations here are different. Plaintiff alleges he met with City officials and requested an accommodation to make the park accessible to him, but the City refused (DE 4-2 ¶ 4). Without this accommodation, Plaintiff alleges it is impossible for him to go fishing at the park (DE 4-2 ¶ 3). The Court finds these allegations, when read liberally, sufficient to give rise to an inference that Plaintiff has suffered past discrimination and that he will suffer future discrimination within the meaning of *Shotz*, 256 F.3d at 1081. Plaintiff need not allege the magic words that he "tried to go fishing in the past but couldn't" or that he "would like to go fishing in the future but can't." These facts are self-evident from the current allegations.

## III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned recommends that the Motion be **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Motion should be **DENIED** as to Plaintiff's ADA claim;
2. The Motion should be **GRANTED WITHOUT PREJUDICE** as to any state law claims, and Plaintiff should be given ten (10) days from the date this Report and Recommendation becomes final to submit an Amended Complaint, attempting to re-plead a claim under state law, if possible.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff, Robert K. Mizell.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. See 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 30th day of December 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE