UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14198-CIV-CANNON

**ROBERT MIZELL**,

    Plaintiff,

v.

**CITY OF PORT SAINT LUCIE, FLORIDA**,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [ECF No. 39]**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss (the "Report") [ECF No. 39], filed on December 30, 2022. On October 31, 2022, Defendant filed a Motion to Dismiss pro se Plaintiff's Complaint ("Motion") [ECF No. 35]. On December 30, 2022, following referral, Judge McCabe issued a Report recommending that the Motion be granted in part and denied in part [ECF No. 39 pp. 1, 9]. On January 10, 2023, Plaintiff filed a "Final Response to Case Recommendation," construed by the Court as Plaintiff's Objections to the Report [ECF No. 41]. Upon review, and for the reasons set forth below, the Court **ACCEPTS** the Report [ECF No. 39] and **GRANTS IN PART AND DENIES IN PART** Defendant's Motion [ECF No. 35].

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court

reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

The Report recommends that (1) Defendant's Motion to Dismiss Plaintiff's Americans with Disabilities Act (ADA) claim [ECF No. 35], *see* 42 U.S.C. § 12131 *et seq.*, be denied because Plaintiff has stated a plausible claim for violation of the ADA under a "reasonable accommodation/modification theory" [ECF No. 39 pp. 3–6]; (2) Plaintiff's Complaint, to the extent it purports to bring claims for violation(s) of state law, warrants dismissal without prejudice with leave to file an amended complaint [ECF No. 39 pp. 6–7]; and (3) contrary to Defendant's position, Plaintiff has standing to pursue his ADA claim [ECF No. 39 pp. 7–9].

Following de novo review, the Court finds the Report to be well reasoned and correct. In reaching this determination, the Court has considered and hereby rejects Plaintiff's Objections. It appears, based on Plaintiff's Objections, that Plaintiff understands the Report to recommend an outright dismissal of his case [ECF No. 41 pp. 2–3]. Plaintiff also makes the incorrect assertion that he is being prevented from presenting evidence to support his claims [ECF No. 41 p. 2].

Plaintiff misunderstands the Report and the current proceedings. As the posture of this case indicates, Defendant's Motion to Dismiss arises at the pleading stage, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which limits the Court's review at this time to the allegations

CASE NO. 22-14198-CIV-CANNON/McCabe

in the Complaint and the attached exhibits [*see* ECF No. 4-2 (Plaintiff's Complaint)]. *See* Fed. R. Civ. P. 12(b); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As recommended in the Report, and ordered herein, Plaintiff will have one final opportunity to plead his claims, including any cognizable state law claims, in the form of an Amended Complaint, due on or before **March 1, 2023**. To the extent Plaintiff requests a "final hearing" to provide evidence of his disability and other information, this case will proceed according to the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, and this Court's Orders. Although *pro se* pleadings are more liberally construed, *pro se* litigants still must comply with federal procedural rules and local court rules. *See, e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see generally* Fed. R. Civ. P. 16, 26, and 56.

**Finally, upon review of the full record, Plaintiff is reminded of Federal Rule of Civil Procedure 12(f), which authorizes the Court, either on its own or upon motion made by a party, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).**

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 39] is **ACCEPTED**.

2. The Motion [ECF No. 35] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendant's Motion to Dismiss Plaintiff's ADA Claim is **DENIED**.

    b. Defendant's Motion to Dismiss any state law claim asserted by Plaintiff is **GRANTED WITHOUT PREJUDICE**.

CASE NO. 22-14198-CIV-CANNON/McCabe

3. Plaintiff will be given **one final opportunity** to assert his claims, including his previously asserted ADA claim, but he must do so by filing an Amended Complaint no later than **March 1, 2023**.

4. Any amended complaint must clearly set forth the allegations supporting each claim for relief; include numbered allegations; separate each cause of action or claim for relief into a different count; not contain any successive counts that incorporate all prior allegations in the complaint; and clearly and specifically identify the factual and legal basis of each asserted claim. Plaintiff is advised that any amended pleading must give the defendant adequate notice of each claim against it and the grounds upon which each claim rests. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

5. On or before **February 22, 2023**, Plaintiff shall complete and file with the Court the "Consent by Pro Se Litigant (Non-Prisoner) to receive NEFs" form, which can be found at https://www.flsd.uscourts.gov/forms/all-forms. Failure to comply with this order may result in sanctions.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 1st day of February 2023.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

Robert Mizell
792 N.W. Viscayya St
Port St. Lucie, Florida 32983
PRO SE